**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
  chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Andrea Guzman**, <br><br> Plaintiff, <br><br> vs. <br><br> **Veraz Services, LLC**, an Arizona limited liability company, and **Ricardo Velazquez and Jane Doe Velazquez**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Andrea Guzman ("Plaintiff" or "Andrea Guzman"), sues the Defendants Veraz Services, LLC and Ricardo Velazquez and Jane Doe Velazquez, (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for unpaid overtime and minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and unpaid minimum wage under the Arizona

Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

6. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Veraz Services, LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Veraz Services, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Defendant Veraz Services, LLC owned and operated as "Amigo Check Cashing," a chain of check cashing service stores located in Phoenix, AZ.

9. Under the FLSA, Defendant Veraz Services, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Veraz Services, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Veraz Services, LLC is subject to liability under the FLSA.

10. Defendants Ricardo Velazquez and Jane Doe Velazquez are, upon information and belief, husband and wife. They have caused events to take place giving

rise to the claims in this Complaint as to which their marital community is fully liable. Ricardo Velazquez and Jane Doe Velazquez are owners of Veraz Services, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

11. Under the FLSA, Defendants Ricardo Velazquez and Jane Doe Velazquez are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Ricardo Velazquez and Jane Doe Velazquez had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Ricardo Velazquez and Jane Doe Velazquez are subject to individual liability under the FLSA.

12. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

13. Defendants, and each of them, are sued in both their individual and corporate capacities.

14. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

15. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

16. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

17. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

18. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

19. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

20. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

21. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

22. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

23. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

25. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

26. Defendants own and/or operate as Amigo Check Cashing, an enterprise located in Maricopa County, Arizona.

27. Plaintiff was hired by Defendants in approximately March 2020.

28. At all relevant times, Plaintiff worked for Defendants through approximately December 2020.

29. At all relevant times, in her work for Defendants, Plaintiff worked as a cashier at Defendants' Amigo Check Cashing located at 6639 W. McDowell Rd., Phoenix, Arizona 85035.

30. Defendants, in their sole discretion, paid Plaintiff $13.50 per hour, regardless of the number of hours she worked in a given workweek.

31. Plaintiff, in her work for Defendants, was generally scheduled to, and did, work approximately 45-55 hours per week.

32. Defendants did not compensate Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

33. Instead, once Plaintiff's time worked in a given workweek reached 40 hours, Defendants would stop recording Plaintiff's time worked and would instead pay Plaintiff at her regular rate in cash for time spent working in excess of 40 hours per workweek.

34. Defendants classified Plaintiff as W-2 employee.

35. At all relevant times, Defendants paid Plaintiff on a bi-weekly basis.

36. During her final pay period of work with Defendants, Plaintiff worked two workweeks, which consisted of a total of approximately 90 hours.

37. Defendants failed to compensate Plaintiff any wages whatsoever for the final two workweeks of her employment with Defendants.

38. Therefore, for the final two workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

39. Instead, Defendants withheld Plaintiff's entire paycheck for the final 90-hour, two workweek pay period, on the grounds that, at some point during her employment, she caused the company a $900 loss.

40. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

41. As a result of not having paid any wage whatsoever to Plaintiff during her final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

42. As a result of Defendants' willful failure to compensate Plaintiff any overtime wage whatsoever for such hours worked in excess of 40 hours in a given workweek, Defendants violated 29 U.S.C. § 207(a).

43. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

44. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

45. Plaintiff was a non-exempt employee.

46. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff her final paycheck would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

47. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

48. Plaintiff is a covered employee within the meaning of the FLSA.

49. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

50. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

**COUNT ONE: FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME**

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

54. In a given workweek, Defendants failed to pay Plaintiff one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

55. As a result of Defendants' failure to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 207.

56. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

57. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

58. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

59. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

60. Plaintiff is therefore entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be

proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Andrea Guzman, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

    ii. Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. As a result of not paying Plaintiff any wage whatsoever for the final two workweeks of her employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

63. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

64. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Andrea Guzman, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. As a result of not paying Plaintiff any wage whatsoever for the final two workweeks of her employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

67. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

68. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Andrea Guzman, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

  i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

  ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 31st day of March, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

# **VERIFICATION**

Plaintiff, Andrea Guzman, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

*Andrea G.*
Andrea Guzman (Mar 30, 2022 21:04 PDT)
Andrea Guzman