**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea Guzman,<br><br>        Plaintiff,<br><br>v.<br><br>Veraz Services LLC, et al.,<br><br>        Defendants. | No. CV-22-00507-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Consolidate (the "Motion"). (Doc. 17.) Plaintiff, Andrea Guzman, filed a Response in which she opposed Defendants' Motion to Consolidate. (Doc. 19.) Defendants replied. (Doc. 20.) Also pending before the Court is Plaintiff's Motion to Strike Portions of Defendants' Reply in Support of the Motion to Consolidate. (Doc. 21.) The Court has considered the pleadings and relevant law and will now grant Defendants' Motion to Consolidate and deny Plaintiff's Motion to Strike for the reasons explained below.

**I.   BACKGROUND**

Plaintiff's Complaint alleges that Defendants own and/or operate Amigo Check Cashing in Maricopa County, Arizona. (Doc. 1 ¶ 26.) Plaintiff worked for Defendants from March 2020 through December 2020. (*Id.* ¶¶ 27–28.) Plaintiff alleges that she worked 45–55 hours per week, but that Defendants would stop recording Plaintiff's time and pay her in cash when she reached 40 hours in a given week. (*Id.* ¶ 31–33.) Plaintiff also alleges that Defendants failed to pay her for her final week of work. (*Id.* ¶¶ 36–38.)

Plaintiff brings three employment claims against Defendants: a claim under the Fair Labor Standards Act ("FLSA") for the failure to pay overtime (Count I), a claim under the FLSA for the failure to pay minimum wage (Count II), and a claim under the Arizona Minimum Wage Act ("AMWA") for the failure to pay minimum wages (Count III).

Elena Uribe Garcia's case, which was filed on the same day as this case, *Garcia v. Veraz Services, LLC, et al.*, No. 2:22-cv-00515-MHB, brings similar allegations against the exact same Defendants in this case.[1] Her First Amended Complaint ("FAC") alleges that she was hired in January 2019 and worked for Defendants through March 2021. (No. 2:22-cv-00515-MHB, Doc. 20 ¶ 24.) Ms. Garcia alleges that she worked approximately 45–55 hours per week, but Defendants did not pay her overtime pay. (*Id.* ¶¶ 30–36.) Instead, she alleges that when she had worked 40 hours in a given week, Defendants would stop recording her time and would instead pay her at her regular rate in cash for time spent in excess of 40 hours per workweek. (*Id.* ¶ 37.) Ms. Garcia's brings one claim for failure to pay overtime under the FLSA. (*Id.* ¶¶ 50–58.)

## II.   LEGAL STANDARD

"If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). A district court has "broad discretion" to consolidate complaints pending in the same district. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016) (quoting *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). Local Rule 42.1 governs the transfer or consolidation of cases in the District of Arizona. It permits a party to file a motion to transfer the case to a single judge on the grounds that the cases:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same

---

[1] Ms. Garcia is also represented by Plaintiff's counsel in this case.

questions of law; or (5) for any other reason [*sic*] would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a).

### III. DISCUSSION

#### A. Plaintiff's Motion to Strike

Ms. Guzman filed a Motion to Strike Portions of Defendants' Reply, (Doc. 21), arguing that Defendants' Reply raises arguments not addressed in Plaintiff's Response to Defendants' Motion to consolidate and are additionally irrelevant.

Rule 12(f) allows a court—either on its own or by motion—to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "While determination to strike is in the discretion of the trial court, a motion to strike 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Vesecky v. Matthews (Mill Towne Ctr.) Real Est., LLC*, No. CV-09-1741-PHX-JAT, 2010 WL 749636, at *1 (D. Ariz. Mar. 2, 2010) (quoting *Colaprico v. Sun Microsystems, Inc.*, 759 F. Supp. 1335, 1339 (N.D. Cal. 1991)). "Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Johnson v. Proctorio Inc.*, No. CV-21-00691-PHX-DLR, 2022 WL 621766, at *1 (D. Ariz. Mar. 3, 2022) (quoting *Contrina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1774, 1182 (S.D. Cal. Mar. 19, 2015)). The proponent of a motion to strike bears the burden of persuasion. *Id.* Courts generally will not consider arguments raised for the first time in a motion to strike. *Madsen v. City of Phoenix*, No. CV-19-03182-PHX-GMS, 2020 WL 5057652, at *2 (D. Ariz. Aug. 27, 2020).

The Court will deny Plaintiff's Motion to Strike. In Defendants' Motion to Consolidate, Defendants raised the issue that Plaintiff's counsel could potentially collect more legal fees by filing two separate lawsuits rather than consolidating the suits, which would be more cost-effective. (Doc. 17 at 2.) Plaintiff failed to respond to that argument in her Response. (*See* Doc. 19.) In their Reply, Defendants again raised the concern that

"Plaintiffs' counsel is abusing the federal legal process to garner greater fees[] by unnecessarily expanding this litigation rather than seeking an efficient and less costly management of these Actions." (Doc. 20 at 2.) In other words, Defendants' argument was not raised for the first time in Defendants' Reply. Rather, the argument was raised in Defendants' Motion to Consolidate, and it was Plaintiff who failed to adequately respond to it in her Response. Thus, Plaintiff is incorrect that this argument was raised for the first time in Defendants' Reply, and the Court must deny Plaintiff's attempt to strike these arguments now.

### B. Defendants' Motion to Consolidate

Defendants have made a compelling case for consolidation. The cases arise from substantially the same events. Both Ms. Guzman and Ms. Garcia worked for Defendants during roughly the same time period. Even though Ms. Garcia is alleged to have worked for Defendants for a slightly longer time period, the two plaintiffs' dates of employment overlap with one another. Apart from the plaintiffs, who are different, the cases involve the exact same defendants. Furthermore, the cases call for the courts to address substantially the same question of law; both cases involve nearly identical allegations for unpaid overtime under the FLSA. Despite the fact that Ms. Guzman brings additional claims not brought by Ms. Garcia, the cases both arise out of alleged employment violations by Defendants. The Court finds that consolidation of the cases before this Court will promote judicial efficiency. Accordingly, the Court orders that Ms. Garcia's case be transferred to this Court and the cases be consolidated.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendants' Motion to Consolidate. (Doc. 17.)

///

///

///

///

1   **IT IS FURTHER ORDERED** directing the Clerk of Court to consolidate this
2   action with *Garcia v. Veraz Services, LLC, et al.*, No. 2:22-cv-00515-MHB, before this
3   Court.

Dated this 1st day of August, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge